UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80039-CIV-MARRA/JOHNSON

J. WILLIAM STEFAN,

    Plaintiffs,

v.

SINGER ISLAND CONDOMINIUMS
LTD., a Florida limited partnership, and
DEVELOPMENT INVESTORS GP, LLC,
a Florida limited liability company

    Defendants.
_____

### ORDER AND OPINION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment (DE 58), and Defendant's Motion for Summary Judgment (DE 59), both filed March 27, 2009. The motions are fully briefed and ripe for review. The Court held a hearing on the motions on May 22, 2009. The Court has carefully considered the motions, responses, and replies, and is otherwise fully advised in the premises.

The Second Amended Complaint alleges a violation of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq.* (Counts I and II), as well as violations of Florida Statute Chapter 718 (Counts IV and V), for declaratory relief regarding the default clause of the revised contract (Count III), and a claim for fraud in the inducement (Count VI). Defendant filed an Answer and Affirmative Defenses to the Second Amended Complaint, and a Counterclaim for breach of contract and specific performance. (DE 54). As set forth below, the Court will reserve ruling on the legal issues presented by the summary judgment motions until

1

the conclusion of the bench trial on the issues which must be resolved by a trier of fact.

*A. Counts I (Violation of 15 U.S.C. § 1703(a)), IV (Violation of Fla. Stat. Chap. § 718.506, and VI (Fraud in the Inducement)*

The scheme Plaintiff claims Defendants employed to deceive purchasers essentially is as follows: In order for Defendants to market their property, they knew that under ILSA they had to either register with the Secretary of HUD and comply with all of the requirements associated with that registration (i.e. filing a statement of record and preparing a property report, 15 U.S.C. §§ 1703 – 1707) or they had to exempt themselves from the requirements of the ILSA. One way to be exempt was for Defendants to obligate themselves contractually to complete construction of the residences within 2 years of the signing of the contract. If Defendants registered with HUD, they would not have to obligate themselves to complete construction within 2 years.

When Defendants presented Plaintiff with the Initial Contract, they were in the process of registering the residential project with HUD. Defendants never intended to complete construction of Plaintiff's residence within 2 years. Rather, Defendants sought to induce Plaintiff into purchasing the property by falsely representing to him that they would complete construction within 2 years, knowing that once they finalized their registration with HUD, they would falsely claim that their lender required a new form of contract. Defendants would then induce Plaintiff to sign the new contract based upon false representations and omissions, which contract eliminated the 2 year completion requirement.

In Count I, Plaintiff claims Defendants' scheme violated 15 U.S.C. § 1703(a) because the Revised Contract was used as part of a scheme to commit crimes and deceive purchasers. In Count IV, Plaintiff claims Defendants' deceptive use of the Initial and Revised Contracts to

evade the ILSA, which involved publishing misleading statements in the exhibits attached to the prospectus, and in the June 20, 2005 letter, constitute a violation of § 718.506. In Count VI, Plaintiff claims that he was fraudulently induced into signing both the Initial Contract and the Revised Contract based on Defendants' alleged misrepresentations and omissions of material facts.

Counts I, IV, and VI cannot be resolved at the summary judgment stage.[1] The inferences that could be drawn from the undisputed facts in this case could be sufficiently persuasive and plausible to a reasonable trier of fact to allow it to conclude that Defendants engaged in the scheme, summarized above, with the present intention of misleading and defrauding Plaintiff into entering into the contracts at issue. See, e.g., Cardwell v. U.S., 186 F.2d 382 (5th Cir. 1951)[2]("[W]hen reasonable men may differ as to whether a representation was material or whether a false answer was made with intent to deceive, those questions must be submitted to the jury."); Home Design Services, Inc. v. David Weekley Homes, 548 F.Supp.2d 1306, 1311 (M.D. Fla. 2008) ("Depending on the underlying factual details, a reasonable jury could find such an explanation evidence of a mistake instead of an intent to deceive . . . Therefore the Court finds that plaintiff has established there are disputed material facts as to whether fraud was committed, and therefore summary judgment is denied as to this ground."). Accordingly, Counts I, IV, and VI present issues of fact which must be resolved by the trier of fact.

---

[1] The Court notes that it considered and rejected Defendants' arguments relating to reliance and to the merger clause when it ruled on Defendants' Motion to Dismiss. The Court's analyses on these issues is hereby expressly incorporated into this Order.

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

*B. Count II (Violation of 15 U.S.C. § 1703(d))*

    *(a). Violation of 15 U.S.C. § 1703(d)(2)*

In Count II, Plaintiff claims that the Revised Contract violates 15 U.S.C. § 1703(d)(2)[3] because it does not allow a purchaser twenty days to cure a default from the date a written notice of default is <u>received</u>. Instead, the Revised Contract only allows twenty days to cure from the day notice is <u>sent</u>.[4] Assuming that Defendants' failure to include the statutory language in the Revised Contract can support a claim for a violation of § 1703(d)(2)[5], whether the violation complained of was substantial and what damages were suffered by Plaintiff as a result of the violation are questions for the trier of fact.

---

[3]Section 1703(d)(2) provides:
(d) Additional authority for revocation of nonexempt contract or agreement at option of purchaser or lessee; time limit; applicability

Any contract or agreement which is for the sale or lease of a lot not exempt under section 1702 of this title and which does not provide--
. . .
(2) that, in the event of a default or breach of the contract or agreement by the purchaser or lessee, the seller or lessor (or successor thereof) will provide the purchaser or lessee with written notice of such default or breach and of the opportunity, which shall be given such purchaser or lessee, to remedy such default or breach within twenty days after the date of the receipt of such notice; and . . .

may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement.

[4]With regard to curing a default, paragraph 13 of the Revised Contract states, "If Buyer is still in default twenty (20) days after Seller sends Buyer notice thereof, Seller shall be entitled to the remedies provided herein."

[5]These assumptions should not be construed as the Court coming to a decision on the legal question before it.

*(b).  Violation of 15 U.S.C. § 1703(d)(3)*

In Count II, Plaintiff also claims that the Revised Contract violates 15 U.S.C. § 1703(d)(3)[6].  Plaintiff asserts that this subsection limits a seller's remedy for a breach to liquidated damages.  The Court reserves ruling on the legal issues of whether the contract language violates § 1703(d)(3) and whether the contract clause allowing the seller to seek specific performance may be unenforceable because it purports to give the seller rights prohibited by the statute.

*C.  Count III - Failure to return monies in excess of Fifteen Percent of the Purchase Price*

In Count III, Plaintiff claims that Defendants breached the Revised Contract by failing to return the deposit monies in excess of fifteen percent of the purchase price upon Plaintiff's request for same, in accordance with the default provision of the contract. Second Am. Compl. ¶

---

[6] Section 1703(d)(3) provides:
(d) Additional authority for revocation of nonexempt contract or agreement at option of purchaser or lessee; time limit; applicability

Any contract or agreement which is for the sale or lease of a lot not exempt under section 1702 of this title and which does not provide--
. . .
(3) that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchaser or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement,

may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement.

5

80. Defendants argue that because the Revised Contract provides Defendants with the option to seek specific performance instead of cancelling the contract, Plaintiff does not have any right to a return of deposits in excess of 15 percent unless and until Defendants elect to cancel the contract and accept damages, instead of seeking specific performance.

The Court is reserving ruling on whether specific performance is available to Defendants in this action.  See supra, section B(b) and infra, section E.  Accordingly, the Court reserves ruling on the legal issue of whether Plaintiff is entitled to a return of the deposit monies in excess of fifteen percent of the purchase price.

D. *Count V (Violation of Fla. Stat. Chap. § 718.503)*

Plaintiff alleges that the management contract was prejudicial to him and that, pursuant to Fla. Stat. § 718.503, he was allowed to cancel the contract within fifteen (15) days of the delivery of the management contract.  Whether the management contract constitutes a material and adverse change is an issue for the trier of fact.

E. *Defendant's Counterclaims for Breach of Contract and Specific Performance*

Assuming specific performance is a remedy legally available to Defendants[7], the Court reserves ruling on whether that relief should be awarded in this case.  See, e.g., Hembree v. Bradley, 528 So.2d 116, 117-118 (Fla. 1st DCA 1988) (specific performance is not available when there is a countervailing equity against the party seeking it).

F. *Damages*

In addition to the issues of fact described above which must be resolved by the trier of

---

[7] These assumptions should not be construed as the Court coming to a decision on the legal question before it.

fact, the amount of any damages to be awarded is also an issue for the trier of fact.

Conclusion

As explained above, Plaintiff's Motion for Summary Judgment (DE 58), and Defendant's Motion for Summary Judgment (DE 59) are DENIED in part and RESERVED in part. The Court will reserve ruling on the legal issues presented by the parties' motions until after the bench trial on the issues which must be resolved by a trier of fact.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of May, 2009.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record